# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES SHAW** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | **NO. 15-6690** |
| **SOFIA BARROSO** | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                              **March 1, 2016**

In this malpractice action against a federal provider of dental care, the United States of America and the defendant Sofia Barroso, D.M.D., have moved to substitute the United States as the sole defendant and to dismiss the complaint for lack of subject matter jurisdiction. Because the plaintiff, Charles Shaw, failed to exhaust his administrative remedies as required by the Federal Tort Claims Act ("FTCA"), we must grant the motion to dismiss.

### Factual and Procedural Background[1]

On July 9, 2015, Barroso treated Shaw for tooth decay by removing a cavity and restoring it with bonding and resin composite.[2] According to dental records attached to the complaint, Shaw was "confused" about the treatment and "doubtful" that the tooth was decayed.[3] He claims that although x-rays showed the tooth was not decayed, Barroso "maliciously" went forward with the procedure.[4]

---

[1] Except where otherwise indicated, the facts are recited from the complaint.

[2] Complaint, ECF 1, at 14. Shaw does not state the date he was treated in the body of the complaint. However, it appears from the dental records attached to the complaint that the alleged negligent treatment occurred on July 9, 2015.

[3] *Id.*

[4] *Id.* at 8.

Barroso is employed by ChesPenn Family Health Center ("ChesPenn"), where she treated Shaw.[5]  ChesPenn is deemed a federal entity under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(c).[6]

Shaw filed his *pro se* complaint in Chester County Magisterial District Court No. 15-1-03 on September 11, 2015.  He seeks $4,000.00 in damages.  After the action was removed, the United States moved to substitute itself for Barroso as the defendant and to dismiss the complaint.  The United States asserts that Shaw failed to exhaust his administrative remedies as required by the FTCA.[7]

## Standard of Review

The standard of review of a motion to dismiss made pursuant to Rule 12(b)(1) depends on whether the motion is a facial attack or a factual attack.  *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014); *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006).  Consequently, we must distinguish between facial attacks and factual attacks.  A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court" because of some jurisdictional defect.  *Constitution Party*, 757 F.3d at 358.  In reviewing a facial attack, as we do in considering a Rule 12(b)(6) motion, we accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences

---

[5] Mot. to Dismiss, Ex. B., Declaration of Meredith Torres ("Torres Decl.") at ¶ 6.

[6] *Id.* at ¶ 5; Mot. to Dismiss, Ex. A., Certification of Scope of Employment by Zane David Memeger ("Memeger Decl.") at ¶ 3.

[7] On February 8, 2016, we ordered Shaw to respond to the United States' motion no later than February 26, 2016 or risk having the motion granted as uncontested.  Shaw's time to respond has expired.  Nevertheless, in deference to his *pro se* status, we consider the merits of the United States' motion.

arising from them in favor of the plaintiff.  *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

A factual attack is "an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction."  *Constitution Party*, 757 F.3d at 358.  In other words, in a factual challenge to jurisdiction, the defendant disputes the allegations on which jurisdiction depends.  In that instance, we need not accept plaintiff's allegations as true and we may consider materials outside the complaint to determine whether the exercise of federal jurisdiction is proper.  *CNA v. United States*, 535 F.3d 132, 139, 145 (3d Cir. 2008).

Here, the United States brings a factual challenge to our subject matter jurisdiction.  Thus, we may consider materials outside the complaint to determine whether the exercise of federal jurisdiction is proper.

## Substitution of Parties

An action against an employee of a deemed federal entity acting within the scope of his or her employment is deemed an action against the United States.  28 U.S.C. § 2679(d)(2).  Upon certification that the employee was acting within the scope of his or her employment, "the United States shall be substituted as the party defendant."  *Id.*  The United States has certified that Barroso was acting within the scope of her employment with a deemed federal entity at the time she treated Shaw.[8]  Therefore, we shall substitute the United States for Barroso as the defendant.

---

[8] *See* Memeger Decl. at ¶ 3.

### Exhaustion

The FTCA precludes a party from maintaining an action against the United States for damages "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." 28 U.S.C. § 2675(a). Filing an administrative claim is a prerequisite to the filing of a tort action against the United States. *See McNeil v. United States*, 508 U.S. 106, 112-13 (1993). The exhaustion requirement is jurisdictional and is not subject to waiver. *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971) (citation omitted). The exhaustion requirement applies to ChesPenn as a deemed federal entity. 42 U.S.C. § 233(g)(1)(A).

Before filing his action in this court, Shaw was required to file an administrative claim with the Department of Health and Human Services. He does not plead in his complaint that he filed an administrative claim. On the contrary, the United States has submitted a declaration confirming that Shaw did not file an administrative claim arising from his treatment by Barroso.[9]

### Conclusion

Because Shaw failed to exhaust his administrative remedies, we lack subject matter jurisdiction. Therefore, we shall grant the motion to dismiss the complaint.

---

[9] *See* Torres Decl. at ¶ 4.